# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| Thomas Wilkes, et al., )<br>    On behalf of themselves and )<br>    all other persons similarly )<br>    situated, )<br>        Plaintiffs, )<br>v. )<br>        )<br>Ned Lamont, Governor, et al., )<br>        Defendants. ) | Civil No.: 3:20cv594 (JCH)<br><br><br><br><br><br><br><br>July 15, 2020 |

## Motion for Continuance, Access to Whiting Forensic Hospital and Connecticut Valley Hospital, and Expedited Discovery

Plaintiffs move the Court for an order continuing the hearing on Plaintiffs' Motion for Preliminary Injunction; allowing access to Whiting Forensic Hospital (WFH) and Connecticut Valley Hospital (CVH) for Plaintiff's experts and counsel; and permitting Plaintiffs to obtain expedited discovery. In support of their motion, Plaintiffs state as follows:

1. Plaintiffs filed their Complaint on April 30, 2020, an Amended Complaint on May 7, 2020, and a Motion for a Preliminary Injunction ("PI Motion") on June 8, 2020, which has been set for hearing on July 28, 2020.

2. Plaintiffs filed their Complaint and PI Motion to address safety issues at WFH and CVH. To date, at least 73 patients and 97 staff members have been infected with the coronavirus, and five patients have died. Since Plaintiffs' filings, however, Defendants have taken action to

mitigate these safety risks. As Defendants have reported, there have been no deaths due to Covid-19 at either hospital since May 27, 2020, no new confirmed cases among patients since May 16, 2020, and no new cases confirmed among staff since June 15, 2020. Objection to Motion for Preliminary Injunction (Dkt. No. 49) at Exh. C, Dr. Wasser Declaration, p.3; Exh. D, Dr. Carvalho Declaration, p.3).

    3. Plaintiffs have consulted with their experts, Dr. Farrin Manian, Dr. Patrick Canavan, and Elizabeth Jones, concerning the information contained in Defendants' opposition to the PI Motion. These experts have advised Plaintiffs that, with the number of new cases at WFH and CVH being as low as they are, the interests of Plaintiffs and the putative class would best be served by a closer examination of (a) Defendants' claims regarding social distancing at CVH and WFH; (b) the extent to which Defendants' policies to address Covid-19 are actually being implemented; (c) Defendants' discharge policies and practices and the extent to which they can and should be modified; and (d) the willingness and capacity of community providers to support more discharges of CVH and WFH residents. Based on patient reports and available information about current staffing practices at the hospitals, Plaintiffs' experts have expressed concerns about Defendants' actual implementation of social distancing

strategies and policies to address Covid-19. All believe there is a meaningful risk of a new surge of cases in the state and ultimately in the two hospitals, which will heighten the need for adjusting Defendants' discharge practices in the near future.

    4. Accordingly, Plaintiffs seek to continue the hearing on the PI Motion and, over the next 60 days, with the Court's permission, conduct expedited discovery focused on the above matters.[1] Plaintiffs propose that discovery include (a) virtual and on-site expert tours focused on Defendants' social distancing practices; (b) virtual and on-site interviews of patients[2] by Plaintiffs' experts and counsel concerning staff implementation of policies to address Covid-19; (c) obtaining information about resources in the community that could support patient discharges; (d) narrowly tailored requests for relevant data, such as discharge policies and practices; and (e) no more than five depositions of other key witnesses.[3]

    5. Plaintiffs propose that (a) the discovery period end in approximately mid-September; (b) Plaintiffs file a revised PI Motion within

---

[1] If the Court prefers, Plaintiffs will withdraw the PI Motion and renew it later as warranted by information obtained during the expedited discovery period.
[2] Any such interviews would, of course, be voluntary and respect all patient privacy concerns.
[3] Plaintiffs yesterday raised the issue of a continuance and expedited discovery with Defendants, who then requested a status conference.

two weeks thereafter; (c) Defendants respond within two weeks; and (d) a hearing be held in approximately mid-October.[4]

6. In addition, Plaintiffs seek an order directing Defendants to allow Plaintiffs' counsel and experts to interview non-managerial staff at WFH and CVH who are willing to be interviewed. On May 15, 2020, the Attorney General's Office emailed Plaintiffs' counsel and insisted that counsel not talk to any staff of WFH or CVH or any employees or agents of the Department of Mental Health and Addiction Services (DMHAS). Defendants stated that the Rules of Professional Responsibility barred Plaintiffs from talking with anyone at DMHAS about matters relevant to this case, "the entire organization and its employees and agents." In fact, the Rules of Professional Conduct allow Plaintiffs to interview many non-managerial staff without the consent of Defendants' counsel. Connecticut Rule of Professional Conduct 4.2.

7. Recently, the DMHAS Commissioner lifted the ban on visitors to CVH and WFH. The ban made it difficult to meet with Plaintiffs and other putative class members and obtain information about the status of the hospitals.

---

[4] Plaintiffs plan to file a response to Defendants' Motion in Limine (Dkt. No. 48) by July 30, which is 21 days after the Motion's filing.

8. Covid-related restrictions have also limited Plaintiffs' experts' investigation. Now that safety issues have somewhat eased, Plaintiffs seek the opportunity to develop a more complete factual record in support of the PI Motion.

Wherefore, Plaintiffs respectfully request an order:

1. Continuing the hearing on Plaintiffs' Motion for Preliminary Injunction now scheduled for July 28, 2020;

2. Allowing discovery for a period of 60 days; and

3. Permitting Plaintiffs' experts and counsel reasonable access to WFH and CVH and patients and staff in those hospitals.

Respectfully submitted,

The Plaintiffs

By:

| | |
|---|---|
| s/Kirk W. Lowry<br>Kirk W. Lowry, ct#27850<br>Karyl Lee Hall, ct#19320<br>Virginia Teixeira, ct#29213<br>Connecticut Legal Rights Project<br>CVH – Beers Hall 2nd Floor<br>P.O. Box 351 – Silver Street<br>Middletown, CT 06457<br>(860) 262-5017<br>Fax (860) 262-5035<br>klowry@clrp.org | s/Ira A. Burnim<br>Ira A. Burnim, pro hac vice<br>Jennifer Mathis, pro hac vice<br>Judge David L. Bazelon Center<br>   for Mental Health Law<br>1090 Vermont Avenue, N.W.<br>Suite 220<br>Washington, D.C. 20005<br>(202) 467-5730<br>Fax (202) 223-0409<br>irab@bazelon.org<br>jenniferm@bazelon.org |

s/Steven J, Schwartz
Steven J. Schwartz, pro hac vice
Mark J. Murphy, pro hac vice, ct#01126
22 Green Street
Northampton, MA 01060
(413) 586-6024
Fax (413) 586-5711
sschwartz@cpr-ma.org
mmurphy@cpr-ma.org

## Certificate of Service

On July 15, 2020, a copy of the foregoing **Motion for Continuance and for an Order of Expedited Discovery and Access to WFH and CVH** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                s/Kirk W. Lowry
                                                Kirk W. Lowry